1  Claudia Center, State Bar No. 158255
   Jinny Kim, State Bar No. 208953
2  THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
   600 Harrison St., Suite 120
3  San Francisco, CA 94107
   Telephone: (415) 864-8848
4  Facsimile: (415) 864-8199

5
   Attorneys for Plaintiff
6  Alfonso Garrido



ORIGINAL
FILED

2008 JUL 30 P 12: 57

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



E-filing

7

8              THE UNITED STATES DISTRICT COURT    

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 ALFONSO GARRIDO,                         )  Case No. 3649
                                            )
12              Plaintiff,                   )
                                            )  COMPLAINT FOR DAMAGES AND INJUNCTIVE
13       v.                                  )  RELIEF FOR VIOLATIONS OF THE AMERICANS
                                            )  WITH DISABILITIES ACT OF 1990, 42 U.S.C. §
14                                           )  12101, *ET SEQ.*; CALIFORNIA'S FAIR
                                            )  EMPLOYMENT AND HOUSING ACT, CAL.
15 AMERICAN AIRLINES, INC.,                  )  GOV'T CODE § 12940, *ET SEQ.*; CALIFORNIA'S
                                            )  UNFAIR BUSINESS PRACTICES ACT,
16              Defendant.                    )  CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*;
                                            )  AND CALIFORNIA'S PUBLIC POLICY
17                                           )
                                            )
18                                           )  DEMAND FOR JURY TRIAL
                                            )
19                                           )
                                            )
20                                           )
                                            )
21 _____

22       Plaintiff ALFONSO GARRIDO, for claims for relief against Defendant, alleges:

23                            **NATURE OF THIS ACTION**

24       1.       This is an action for relief from Defendant's violations of Plaintiff's civil rights.

25 These violations, which are more particularly alleged herein, include discrimination, failure to

26 reasonably accommodate, retaliation and failure to engage in the interactive process as required

27 by the Americans with Disabilities Act of 1990 (ADA), California's Fair Employment and

28

29

1  Housing Act (FEHA), unlawful business practices in violation of California's Unfair Business
2  Practices Act, and wrongful termination in violation of California's public policy.

3         2.      Plaintiff ALFONSO GARRIDO is an individual with a physical disability. He
4  had been successfully employed as a Fleet Service Clerk by Defendant AMERICAN AIRLINES,
5  INC. since June 1990. Throughout his employment with Defendant, Plaintiff Garrido
6  competently and safely performed all of his job duties. On January 18, 2005, Plaintiff Garrido
7  was involuntarily removed from his Fleet Service Clerk position. He has never been returned to
8  work.

9         3.      Plaintiff seeks declaratory and injunctive relief, compensatory, general, and
10  punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as
11  determined by this court, for Defendant's violations of his rights.

12  **JURISDICTION AND VENUE**

13       *4.*      This court has jurisdiction over the subject matter and the parties pursuant to 28
14  U.S.C. §§ 1331, 2201 and 2202. This is an action arising under the Americans with Disabilities
15  Act of 1990, 42 U.S.C. § 12101, *et. seq.*

16         5.      This court has supplemental jurisdiction over the related state law claims pursuant
17  to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the FEHA, and his wrongful termination
18  claim are related, as all of Plaintiff's claims share common operative facts. Resolving all state
19  and federal claims in a single action serves the interests of judicial economy, convenience and
20  fairness to the parties.

21         6.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §
22  1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

23  **PARTIES**

24         7.      Plaintiff Alfonso Garrido is a U.S. citizen and a resident of San Francisco County
25  in this judicial district.

26         8.      Plaintiff is a person with a disability under Title I of the ADA and the FEHA.
27  Plaintiff also has a record of disability within the meaning of state and federal disability
28  nondiscrimination laws. Plaintiff is informed and believes, and thereon alleges, that Defendant
29

1  also regarded him as disabled within the meaning of state and federal disability

2  nondiscrimination laws.

3        9.     Plaintiff is an otherwise qualified person within the meaning of state and federal

4  disability nondiscrimination laws, including the ADA and FEHA.

5        10.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

6  American Airlines, Inc. is a Delaware corporation, with its principal headquarters at 4333 Amon

7  Carter Boulevard in Fort Worth, Texas.

8        11.    At all times relevant to this complaint, Defendant American Airlines, Inc. has had

9  at least 15 employees. Defendant American Airlines, Inc. is a covered entity or employer within

10  the meaning of Title I of the ADA and FEHA.

11  <h3 style="text-align:center"><strong>EXHAUSTION OF ADMINISTRATIVE REMEDIES</strong></h3>

12        12.    In January 2005, Plaintiff filed a Charge of Discrimination with the U.S. Equal

13  Employment Opportunity Commission ("EEOC"). This Charge was cross-filed with the

14  California Department of Fair Employment and Housing.

15        13.    On or around September 15, 2006, the EEOC issued a cause determination finding

16  that Defendant American Airlines, Inc. "failed to reasonably accommodate [Plaintiff] and

17  subjected him to an involuntary leave because of his disability."

18        14.    On or around May 30, 2008, the EEOC issued Plaintiff a right-to-sue letter, which

19  stated that the EEOC "found reasonable cause to believe that violations of the statute(s)

20  occurred" and provided notice of Plaintiff's right to sue.

21  <h3 style="text-align:center"><strong>FACTS COMMON TO ALL CAUSES OF ACTION</strong></h3>

22        15.    Plaintiff, who has Primary Cerebellar Degeneration, began working for Defendant

23  as a Fleet Service Clerk at the San Francisco International Airport in 1990.

24        16.    In November 2004, Plaintiff was given an annual vision and hearing exam by a

25  technician from the California Occupational Safety and Health Administration. The technician

26  recommended to Defendant that they request Plaintiff's medical records.

27        17.    There had been no previous complaints about Plaintiff's work performance or the

28  ability to perform his job duties.

29

18.     In or around January 2005, Defendant demanded Plaintiff's medical records. Defendant threatened insubordination if Plaintiff did not comply.

19.     In January 2005, Plaintiff complied with Defendant's requests and provided his medical records.

20.     Soon thereafter, Plaintiff's doctor certified Plaintiff's ability to perform the essential functions of his position.

21.     In or around January 2005, Plaintiff was involuntarily removed from his Fleet Service Clerk position and was placed on leave.  Thereafter, Plaintiff received a letter from Defendant stating "it seems as though it is time to begin the accommodation process."  Plaintiff complied with Defendant's requests to provide further medical information.

22.     In June 2005, Plaintiff received a letter from Defendant asking him to "contact his supervisor who will determine how his work restrictions might be accommodated in his current position."  Plaintiff contacted his supervisor but was not returned to work.

23.     On or around August 12, 2005, Defendant informed Plaintiff that his restrictions made it impossible for him to perform the essential job functions of a Fleet Service Clerk with or without accommodations.

24.     Defendant refused to engage in the interactive process.

25.     Defendant refused to consider alternative positions for Plaintiff consistent with his medical restrictions.

## FIRST CLAIM FOR RELIEF
Disability Discrimination
Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

26.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 25, above.

27.     Title I of the ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to … other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

28.    At all times relevant herein, Plaintiff was a qualified individual with a disability, able to safely perform all essential functions with or without accommodation.

29.    In violation of Plaintiff's right to be free from disability-based discrimination under Title I of the ADA, Defendant placed him on involuntary leave and ultimately terminated him.

30.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

31.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

32.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

33.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SECOND CLAIM FOR RELIEF
### Disability Discrimination
### California's Fair Employment and Housing Act
### Cal. Gov't Code § 12940(a), (m)

34.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33, above.

35.    Under the FEHA, it is unlawful for an employer "because of ... physical disability ... to discriminate against the person in terms, conditions or privileges of employment." Cal. Gov't Code § 12940(a).

36.    In violation of Plaintiff's right to be free from disability-based discrimination under the FEHA, Defendant placed Plaintiff on involuntary leave and ultimately terminated him.

37.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

38.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

39.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

40.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

**THIRD CLAIM FOR RELIEF**
Failure to Accommodate
Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

41.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 40, above.

42.    It is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5).

43.    In failing to accommodate Plaintiff's disability, Defendant violated the ADA.

44.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

45.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

46.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

47.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## FOURTH CLAIM FOR RELIEF
### Failure to Accommodate
### California's Fair Employment and Housing Act
### Cal. Gov't Code § 12940(a), (m)

48.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 47, above.

49.    It is unlawful under the FEHA for an employer "to fail to make reasonable accommodations for known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m); *see also* 12940(a)(1).

50.    In failing to accommodate Plaintiff, Defendant violated California's FEHA.

51.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

52.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

53.    As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

54.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## FIFTH CLAIM FOR RELIEF
### Failure to Engage in the Interactive Process
### California's Fair Employment and Housing Act
### Cal. Gov't Code § 12940(n)

55.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 54, above.

56.     Under the FEHA, it is unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any, in response for a reasonable accommodation by an employee … with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(a), (n).

57.     Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations.

58.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

59.     As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment  benefits, pension benefits and other compensation, in an amount to be proven at trial.

60.     As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

61.     Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

### SIXTH CLAIM FOR RELIEF
Retaliation and Interference
Americans with Disabilities Act of 1990
42 U.S.C. § 12203

62.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 61, above.

63.     Employers may not retaliate against persons who engage in activities that are protected under the ADA, and may not interfere with an individual in the exercise of his rights under the ADA.

64.     In requesting reasonable accommodation and in filing a charge of discrimination, Plaintiff engaged in protected activities under the ADA, and was attempting to exercise his rights.

65.     In violation of 42 U.S.C. § 12203, Defendant retaliated against and interfered with Plaintiff by, *inter alia,* failing to accommodate him and terminating him.

66.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

67.     As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

68.     As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

69.     Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SEVENTH CLAIM FOR RELIEF
Retaliation
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(h)

70.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 69, above.

71.     Plaintiff is protected by Cal. Gov't Code § 12940(h) against retaliation by this employer for opposing employment practices which violate Cal. Gov't Code § 12940, *et seq.*

72.     In requesting reasonable accommodation and in filing a charge of discrimination, Plaintiff engaged in protected activities under the FEHA, and was attempting to exercise his rights.

73.     In violation of Cal. Gov't Code § 12940(h), Defendant retaliated against and interfered with Plaintiff by, *inter alia,* failing to accommodate him and terminating him.

74.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

75.     As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

76.     As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury and an exacerbation of the physical symptoms of his disability.

77.     Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

**EIGHTH CLAIM FOR RELIEF**
Unlawful Business Practices
California's Unfair Business Practices Act
Cal. Bus. & Prof. Code § 17200, *et seq.*

78.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 77, above.

79.     Unfair practices prohibited by California's Unfair Business Practices Act include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

80.     Defendant committed unlawful and unfair business practices, including but not limited to the following: (1) failing to accommodate Plaintiff; (2) failing to engage in a timely, good faith, interactive process to determine effective reasonable accommodations in response to a request for reasonable accommodations by an employee with a known physical disability; and (3) terminating Plaintiff following his request for reasonable accommodation.

81.     As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

1    82.    As a further proximate result of these unlawful acts, Plaintiff has suffered and

2    continues to suffer injury, including emotional injury and an exacerbation of the physical

3    symptoms of his disability.

4    83.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory

5    and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this

6    court.

### NINTH CLAIM FOR RELIEF
Disability Discrimination and Wrongful Termination
California's Public Policy

9    84.    Plaintiff incorporates by reference as if fully set forth herein the allegations

10    contained in paragraphs 1 through 83, above.

11    85.    It is the public policy of the State of California to bar employers from

12    discriminating against their employees because of their disabilities.  This policy prohibits

13    employers from terminating an employee because of his disability, and requires them to

14    reasonably accommodate employees with disabilities.  This public policy is well grounded in

15    state and federal statutes, including the ADA and the FEHA.

16    86.    In violation of Plaintiff's right to be free from disability-based discrimination

17    under California public policy, Defendant refused to reasonably accommodate Plaintiff and

18    terminated him.  Defendant further failed to engage in a good faith, interactive process to

19    determine effective and reasonable accommodations that would have enabled Plaintiff to retain

20    his employment.

21    87.    Defendant's unlawful actions were intentional, willful, malicious and/or done

22    with reckless disregard to Plaintiff's rights.

23    88.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and

24    continues to suffer lost wages, employment benefits, pension benefits and other compensation, in

25    an amount to be proven at trial.

26    89.    As a further proximate result of these unlawful acts, Plaintiff has suffered and

27    continues to suffer injury, including emotional injury and an exacerbation of the physical

28    symptoms of his disability.

29

90.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by·this court.

## DECLARATORY RELIEF

91.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 90, as though fully set forth herein.  A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties.  Plaintiff contends that Defendant violated his rights under the ADA, the FEHA, and California's public policy.  Plaintiff is informed and believes, and thereon alleges, that Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

92.    Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF

93.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 92, as though fully set forth herein.

94.    No plain adequate, or complete, remedy at law is available to Plaintiff to redress the wrongs addressed herein.

95.    If this court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1.    Grant all injunctive relief necessary to bring Defendant into compliance with the ADA, the FEHA, the Unfair Business Practices Act, and California's public policy;

2.    Grant such other injunctive relief as may be appropriate;

3.    Order Defendant to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial;

4.    Order Defendant to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering, as well as compensatory damages for the exacerbation of the physical symptoms of his disability, in an amount to be proven at trial;

5.    Order Defendant to pay Plaintiff exemplary and punitive damages;

6.    Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7.    Order Defendant to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

8.    Grant such other and further relief as this court may deem proper and just.

### JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated:    July 30, 2008                    Respectfully submitted,

Claudia Center
Jinny Kim
THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER


By:    _____
Jinny Kim

Attorneys for Plaintiff
ALFONSO GARRIDO