1  PAULA CHAMPAGNE, Bar No. 76545
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street
3  20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940

5  Attorneys for Defendant
   AMERICAN AIRLINES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 ALFONSO GARRIDO,                    Case No.  CV-08-3649 PJH

12            Plaintiff,               **ANSWER OF DEFENDANT AMERICAN
                                       AIRLINES, INC. TO PLAINTIFF'S
13      v.                             COMPLAINT FOR DAMAGES AND
                                       INJUNCTIVE RELIEF**
14 AMERICAN AIRLINES, INC.,

15            Defendant.

16

17          Defendant American Airlines, Inc. responds to Plaintiff Alfonso Garrido's Complaint

18 for Damages and Injunctive Relief filed on July 30, 2008 as follows:

19                          **NATURE OF THIS ACTION**

20          1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that

21 Plaintiff purports to assert claims under the Americans with Disabilities Act of 1990 ("ADA"),

22 California's Fair Employment and Housing Act ("FEHA"), California's Unfair Business Practices

23 Act, and for a wrongful termination in violation of public policy, but denies that Plaintiff has stated

24 any claim for relief.  Except as so stated, Defendant denies each and every one of the remaining

25 allegations in the paragraph.

26          2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits, on

27 information and belief, that Plaintiff is an individual with a physical disability.  Defendant admits

28 that it hired Plaintiff in June 1990 as a Fleet Service Clerk.  Defendant admits that on January 18,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                              (Case No.  CV 08 3649)

1    2005, Plaintiff was placed on a sick leave of absence, and that Plaintiff is currently on a sick leave of

2    absence. Except as so stated, Defendant denies each and every one of the remaining allegations in

3    the paragraph.

4          3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that

5    Plaintiff seeks declaratory and injunctive relief, compensatory, general, and punitive damages,

6    attorneys' fees and costs, as well as other appropriate relief as determined by this court, but denies

7    that Plaintiff is entitled to any type of relief. Except as so stated, Defendant denies each and every

8    one of the remaining allegations in the paragraph.

9                        **JURISDICTION AND VENUE**

10          4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that

11    Plaintiff purports to bring an action under the Americans with Disabilities Act of 1990, but denies

12    that Plaintiff has stated any valid claims for relief. Defendant admits that jurisdiction over Plaintiff's

13    claims is proper under 28 U.S.C §§ 1331, 2201 and 2202.

14          5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that

15    Plaintiff seeks jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). Except as so

16    stated, Defendant denies each and every one of the remaining allegations in the paragraph.

17          6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits that venue

18    is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b). Except as so stated,

19    Defendant denies each and every one of the remaining allegations in the paragraph.

20                              **PARTIES**

21          7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that

22    Plaintiff is a U.S. citizen. Defendant is without knowledge or information sufficient to form a belief

23    as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies

24    each and every remaining allegation contained therein.

25          8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies each and

26    every one of the allegations contained therein.

27          9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies each and

28    every one of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                    2.                    (Case No. CV 08 3649)

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that it is a Delaware corporation with headquarters located at 4333 Amon Carter Boulevard in Fort Worth, Texas. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff is informed of and/or believes about Defendant, and on that basis, denies the remaining allegations in the paragraph.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits, on information and belief, that Plaintiff has chronic degenerative cerebellar disease. Defendant admits that Plaintiff was hired to work as a Fleet Service Clerk at the San Francisco International Airport in 1990. Except as so stated, Defendant denies each and every one of the remaining allegations in the paragraph.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits that in November 2004, Plaintiff participated in an annual California Occupational Safety and Health Administration ("CAL OSHA") required hearing examination. Defendant admits that the CAL OSHA technician who had examined Plaintiff recommended to Defendant that Plaintiff receive a medical review. Except as so stated, Defendant denies each and every one of the remaining allegations in the paragraph.

17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                3.                (Case No. CV 08 3649)

1    18.    Answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that in

2 January 2005, it requested that Plaintiff submit to Defendant a Medical Substantiation Requirement

3 Form and a Job Description and Essential Functions Form completed by his personal physician.

4 Defendant admits that it notified Plaintiff that failure to provide the requested documents was a

5 violation of Defendant's Rules of Conduct, which prohibit insubordination. Except as so stated,

6 Defendant denies each and every one of the remaining allegations in the paragraph.

7    19.    Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits that in

8 January 2005, Defendant received a standardized Clinical Visit Form filled out by Plaintiff and his

9 personal physician. Except as so stated, Defendant denies each and every one of the remaining

10 allegations in the paragraph.

11    20.    Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies each and

12 every one of the allegations contained therein.

13    21.    Answering Paragraph 21 of Plaintiff's Complaint, Defendant admits that in

14 January 2005, Plaintiff was placed on a sick leave of absence. Defendant admits that Plaintiff's

15 supervisor sent a letter to Plaintiff, which stated that "it seems as though it is time to begin the

16 accommodation process." Defendant admits that it requested that Plaintiff provide Defendant with

17 any updated medical information. Defendant admits that, on June 10, 2005, Plaintiff (via his

18 attorney) provided Defendant with Medical Substantiation Requirement Forms. Except as so stated,

19 Defendant denies each and every one of the remaining allegations in the paragraph.

20    22.    Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits the

21 allegations contained therein.

22    23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits that on

23 August 12, 2005, Defendant (via its attorney) sent a letter to Plaintiff's attorney, which stated that

24 "the restrictions that [Plaintiff's] physician imposed are so significant – and, in fact, completely

25 restrict several essential job functions of a [Fleet Service Clerk] – that it appears that they will

26 prevent [Plaintiff] from performing his current essential job functions, with or without reasonable

27 accommodation." Except as so stated, Defendant denies each and every one of the remaining

28 allegations in the paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                4.                (Case No. CV 08 3649)

1    24.    Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies each and

2    every one of the allegations contained therein.

3    25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies each and

4    every one of the allegations contained therein.

5    **FIRST CLAIM FOR RELIEF**
     **Disability Discrimination**
6    **Americans with Disabilities Act of 1990**
     **42 U.S.C. § 12101, *et seq.***
7

8    26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendant incorporates by

9    reference its responses to paragraphs 1 through 25 as though fully set forth herein.

10    27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendant admits that

11    Plaintiff cites to 42 U.S.C. § 12112(a), but denies that Plaintiff has stated any valid claim for

12    disability discrimination under the ADA.

13    28.    Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies each and

14    every one of the allegations contained therein.

15    29.    Answering Paragraph 29 of Plaintiff's Complaint, Defendant admits that in

16    January 2005, Plaintiff was placed on a sick leave of absence pending further evaluation from

17    Plaintiff's physician and clearance by Defendant's medical department.  Except as so stated,

18    Defendant denies each and every one of the remaining allegations in the paragraph.

19    30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies each and

20    every one of the allegations contained therein.

21    31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendant denies each and

22    every one of the allegations contained therein.

23    32.    Answering Paragraph 32 of Plaintiff's Complaint, Defendant denies each and

24    every one of the allegations contained therein.

25    33.    Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies each and

26    every one of the allegations contained therein.

27    ///

28    ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2603
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES    5.    (Case No.  CV 08 3649)

## SECOND CLAIM FOR RELIEF
### Disability Discrimination
### California's Fair Employment and Housing Act
### Cal. Gov't Code § 12940(a), (m)

34.    Answering Paragraph 34 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 33 as though fully set forth herein.

35.    Answering Paragraph 35 of Plaintiff's Complaint, Defendant admits that Plaintiff cites to the California Government Code Section 12940(a), but denies that Plaintiff has stated any valid claim for disability discrimination under the FEHA.

36.    Answering Paragraph 36 of Plaintiff's Complaint, Defendant admits that in January 2005, Plaintiff was placed on a sick leave of absence pending further evaluation from Plaintiff's physician and clearance by Defendant's medical department.  Except as so stated, Defendant denies each and every one of the remaining allegations in the paragraph.

37.    Answering Paragraph 37 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

38.    Answering Paragraph 38 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

39.    Answering Paragraph 39 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

40.    Answering Paragraph 40 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

## THIRD CLAIM FOR RELIEF
### Failure to Accommodate
### Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101, *et seq.*

41.    Answering Paragraph 41 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 40 as though fully set forth herein.

42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendant admits that Plaintiff cites to 42 U.S.C. § 12112(b)(5), but denies that Plaintiff has stated any valid claim for failure to accommodate under the ADA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES          6.          (Case No. CV 08 3649)

1    43.    Answering Paragraph 43 of Plaintiff's Complaint, Defendant denies each and
2    every one of the allegations contained therein.

3    44.    Answering Paragraph 44 of Plaintiff's Complaint, Defendant denies each and
4    every one of the allegations contained therein.

5    45.    Answering Paragraph 45 of Plaintiff's Complaint, Defendant denies each and
6    every one of the allegations contained therein.

7    46.    Answering Paragraph 46 of Plaintiff's Complaint, Defendant denies each and
8    every one of the allegations contained therein.

9    47.    Answering Paragraph 47 of Plaintiff's Complaint, Defendant denies each and
10   every one of the allegations contained therein.

11                        **FOURTH CLAIM FOR RELIEF**
                          **Failure to Accommodate**
12              **California's Fair Employment and Housing Act**
                     **Cal. Gov't Code § 12940(a), (m)**
13

14   48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendant incorporates by
15   reference its responses to paragraphs 1 through 47 as though fully set forth herein.

16   49.    Answering Paragraph 49 of Plaintiff's Complaint, Defendant admits that
17   Plaintiff cites to California Government Code Sections 12940(m) and 12940(a)(1), but denies that
18   Plaintiff has stated any valid claim for failure to accommodate under the FEHA.

19   50.    Answering Paragraph 50 of Plaintiff's Complaint, Defendant denies each and
20   every one of the allegations contained therein.

21   51.    Answering Paragraph 51 of Plaintiff's Complaint, Defendant denies each and
22   every one of the allegations contained therein.

23   52.    Answering Paragraph 52 of Plaintiff's Complaint, Defendant denies each and
24   every one of the allegations contained therein.

25   53.    Answering Paragraph 53 of Plaintiff's Complaint, Defendant denies each and
26   every one of the allegations contained therein.

27   54.    Answering Paragraph 54 of Plaintiff's Complaint, Defendant denies each and
28   every one of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S    7.    (Case No.  CV 08 3649)
COMPLAINT FOR DAMAGES

1

## FIFTH CLAIM FOR RELIEF
### Failure to Engage in the Interactive Process
### California's Fair Employment and Housing Act
### Cal. Gov't Code § 12940(n)

2

3

4       55.    Answering Paragraph 55 of Plaintiff's Complaint, Defendant incorporates by

5    reference its responses to paragraphs 1 through 54 as though fully set forth herein.

6       56.    Answering Paragraph 56 of Plaintiff's Complaint, Defendant admits that

7    Plaintiff cites to California Government Code Sections 12940(a) and (n), but denies that Plaintiff has

8    stated any valid claim for failure to engage in the interactive process under the FEHA.

9       57.    Answering Paragraph 57 of Plaintiff's Complaint, Defendant denies each and

10   every one of the allegations contained therein.

11       58.    Answering Paragraph 58 of Plaintiff's Complaint, Defendant denies each and

12   every one of the allegations contained therein.

13       59.    Answering Paragraph 59 of Plaintiff's Complaint, Defendant denies each and

14   every one of the allegations contained therein.

15       60.    Answering Paragraph 60 of Plaintiff's Complaint, Defendant denies each and

16   every one of the allegations contained therein.

17       61.    Answering Paragraph 61 of Plaintiff's Complaint, Defendant denies each and

18   every one of the allegations contained therein.

19

## SIXTH CLAIM FOR RELIEF
### Retaliation and Interference
### Americans with Disabilities Act of 1990
### 42 U.S.C. § 12203

20

21

22       62.    Answering Paragraph 62 of Plaintiff's Complaint, Defendant incorporates by

23   reference its responses to paragraphs 1 through 61 as though fully set forth herein.

24       63.    Answering Paragraph 63 of Plaintiff's Complaint, Defendant admits that

25   Plaintiff cites to 42 U.S.C. § 12203 and alleges an interpretation of the statute, but denies that

26   Plaintiff has stated any valid claim for retaliation and interference under the ADA.

27       64.    Answering Paragraph 64 of Plaintiff's Complaint, Defendant denies each and

28   every one of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                    8.                    (Case No.  CV 08 3649)

1      65.     Answering Paragraph 65 of Plaintiff's Complaint, Defendant denies each and
2   every one of the allegations contained therein.

3      66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendant denies each and
4   every one of the allegations contained therein.

5      67.     Answering Paragraph 67 of Plaintiff's Complaint, Defendant denies each and
6   every one of the allegations contained therein.

7      68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendant denies each and
8   every one of the allegations contained therein.

9      69.     Answering Paragraph 69 of Plaintiff's Complaint, Defendant denies each and
10  every one of the allegations contained therein.

11                          **SEVENTH CLAIM FOR RELIEF**
                                      **Retaliation**
12              **California's Fair Employment and Housing Act**
                          **Cal. Gov't Code § 12940(h)**
13

14     70.     Answering Paragraph 70 of Plaintiff's Complaint, Defendant incorporates by
15  reference its responses to paragraphs 1 through 69 as though fully set forth herein.

16     71.     Answering Paragraph 71 of Plaintiff's Complaint, Defendant admits that
17  Plaintiff cites to California Government Code Section 12940(h) and alleges an interpretation of the
18  statute, but denies that Plaintiff has stated any valid claim for retaliation under the FEHA.

19     72.     Answering Paragraph 72 of Plaintiff's Complaint, Defendant denies each and
20  every one of the allegations contained therein.

21     73.     Answering Paragraph 73 of Plaintiff's Complaint, Defendant denies each and
22  every one of the allegations contained therein.

23     74.     Answering Paragraph 74 of Plaintiff's Complaint, Defendant denies each and
24  every one of the allegations contained therein.

25     75.     Answering Paragraph 75 of Plaintiff's Complaint, Defendant denies each and
26  every one of the allegations contained therein.

27     76.     Answering Paragraph 76 of Plaintiff's Complaint, Defendant denies each and
28  every one of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S          9.          (Case No. CV 08 3649)
COMPLAINT FOR DAMAGES

1    77.    Answering Paragraph 77 of Plaintiff's Complaint, Defendant denies each and

2    every one of the allegations contained therein.

### EIGHTH CLAIM FOR RELIEF
**Unlawful Business Practices**
**California's Unfair Business Practices Act**
**Cal. Bus. & Prof. Code § 17200, *et seq.***

6    78.    Answering Paragraph 78 of Plaintiff's Complaint, Defendant incorporates by

7    reference its responses to paragraphs 1 through 77 as though fully set forth herein.

8    79.    Answering Paragraph 79 of Plaintiff's Complaint, Defendant admits that

9    Plaintiff cites to California Business & Professions Code Section 17200, but denies that Plaintiff has

10    stated any valid claim for unlawful business practices under California's Unfair Business Practices

11    Act.

12    80.    Answering Paragraph 80 of Plaintiff's Complaint, Defendant denies each and

13    every one of the allegations contained therein.

14    81.    Answering Paragraph 81 of Plaintiff's Complaint, Defendant denies each and

15    every one of the allegations contained therein.

16    82.    Answering Paragraph 82 of Plaintiff's Complaint, Defendant denies each and

17    every one of the allegations contained therein.

18    83.    Answering Paragraph 83 of Plaintiff's Complaint, Defendant denies each and

19    every one of the allegations contained therein.

### NINTH CLAIM FOR RELIEF
**Disability Discrimination and Wrongful Termination**
**California's Public Policy**

22    84.    Answering Paragraph 84 of Plaintiff's Complaint, Defendant incorporates by

23    reference its responses to paragraphs 1 through 83 as though fully set forth herein.

24    85.    Answering Paragraph 85 of Plaintiff's Complaint, Defendant admits that

25    Plaintiff alleges an interpretation of the public policy of the State of California, but denies that

26    Plaintiff has stated any valid claim for disability discrimination, wrongful termination, and failure to

27    make reasonable accommodations in violation of California's public policy.

28    ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                    10.                    (Case No.  CV 08 3649)

1    86.    Answering Paragraph 86 of Plaintiff's Complaint, Defendant denies each and

2    every one of the allegations contained therein.

3    87.    Answering Paragraph 87 of Plaintiff's Complaint, Defendant denies each and

4    every one of the allegations contained therein.

5    88.    Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies each and

6    every one of the allegations contained therein.

7    89.    Answering Paragraph 89 of Plaintiff's Complaint, Defendant denies each and

8    every one of the allegations contained therein.

9    90.    Answering Paragraph 90 of Plaintiff's Complaint, Defendant denies each and

10    every one of the allegations contained therein.

11                              **DECLARATORY RELIEF**

12    91.    Answering Paragraph 91 of Plaintiff's Complaint, Defendant incorporates by

13    reference its responses to paragraphs 1 through 90 as though fully set forth herein.  Defendant admits

14    that a present and actual controversy exists between Plaintiff and Defendant.  Defendant admits that

15    Plaintiff alleges that Defendant violated his rights under the ADA, the FEHA and California's public

16    policy, but denies that Plaintiff has stated any valid claims for relief.  Defendant admits that

17    Defendant denies Plaintiff's allegations that Defendant violated his rights under the ADA, the FEHA

18    and California's public policy.  Defendant is without knowledge or information sufficient to form a

19    belief as to what Plaintiff is informed of and/or believes about Defendant's allegations in this action,

20    and on that basis, denies that allegation.  Except as so stated, Defendant denies each and every one

21    of the remaining allegations in the paragraph.

22    92.    Answering Paragraph 92 of Plaintiff's Complaint, Defendant admits that

23    Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, but denies that

24    Plaintiff is entitled to any type of relief.

25                              **INJUNCTIVE RELIEF**

26    93.    Answering Paragraph 93 of Plaintiff's Complaint, Defendant incorporates by

27    reference its responses to paragraphs 1 through 92 as though fully set forth herein.

28    ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                11.                (Case No. CV 08 3649)

94.     Answering Paragraph 94 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein, and further denies that Plaintiff is entitled to any type of relief.

95.     Answering Paragraph 95 of Plaintiff's Complaint, Defendant denies each and every one of the allegations contained therein.

### RELIEF REQUESTED

96.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs 1 through 8, inclusive, of the Relief Requested, or to any relief in any manner or in any amount whatsoever.

### JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury for all claims and causes of action so triable.

### AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's causes of action are barred by the applicable statutes of limitation.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to timely and completely exhaust the required administrative remedies under the Americans with Disabilities Act and the Fair Employment and Housing Act.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Court is without jurisdiction over any claim or allegation not made in Plaintiff's EEOC and DFEH charges.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are preempted, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, Cal. Labor Code § 3600, *et seq.*

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES                    12.                    (Case No. CV 08 3649)

1  certain of Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq.*

2      AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

3  that all actions or omissions taken with regard to Plaintiff were taken in good faith and for lawful,

4  nondiscriminatory business reasons.

5      AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

6  that Plaintiff could not perform the essential duties and functions of his position, with or without

7  reasonable accommodation.

8      AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

9  that Plaintiff failed to request any reasonable accommodation and/or failed to reasonably and in good

10  faith engage in the interactive process.

11      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

12  that, assuming, *arguendo,* that Plaintiff requested any accommodation, the requested accommodation

13  was unreasonable.

14      AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

15  alleges that, assuming, *arguendo,* that Plaintiff was a qualified individual with a disability, any

16  accommodation thereof would have imposed an undue hardship on Defendant.

17      AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

18  that no reasonable accommodation existed that would have enabled Plaintiff to perform the essential

19  functions of his position.

20      AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

21  alleges that it had no obligation to reasonably accommodate Plaintiff because Plaintiff could not

22  perform the essential functions of his position in a manner that would not endanger his health or

23  safety or the health safety of others, even with any reasonable accommodation.

24      AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

25  alleges that assuming, arguendo, any employee or agent of Defendant engaged in any discrimination

26  or other unlawful conduct toward Plaintiff, that conduct was contrary to Defendant's express

27  policies, occurred outside of the scope of any employment or agency relationship, and cannot be

28  attributable to Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES     13.     (Case No.  CV 08 3649)

1        AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

2  alleges that, assuming arguendo any employee of Defendant engaged in any discrimination or other

3  unlawful conduct toward Plaintiff, Defendant neither knew nor reasonably should have known of the

4  unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

5        AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

6  alleges that the asserted wrongful conduct does not constitute an unfair, unlawful, harmful,

7  fraudulent or deceptive business practice within the meaning of California Business and Professions

8  Code § 17200, et seq.

9        AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

10  alleges that at no time did it act purposely, knowingly, deliberately, maliciously, oppressively,

11  intentionally, willfully, wantonly, with any bad faith or with conscious or reckless disregard of

12  Plaintiff or his rights.

13        AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

14  alleges that Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel,

15  waiver, consent, and/or laches.

16        AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

17  alleges that it has or will acquire evidence which, had Defendant known about said evidence during

18  Plaintiff's employment, would have resulted in his termination. As a result of this after-acquired

19  evidence, Plaintiff is not entitled to any damages whatsoever or, at a minimum, Plaintiff is not

20  entitled to any damages subsequent to the time that Defendant acquired the evidence.

21        AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

22  alleges that Plaintiff has failed to state a claim for declaratory relief.

23        AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

24  alleges that Plaintiff has failed to state a claim for injunctive relief because Plaintiff has not suffered,

25  and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of

26  Defendant, nor is there any other threat of irreparable harm.

27        AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

28  Defendant alleges that it may not be liable for punitive damages because, at all relevant times,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

14.

(Case No. CV 08 3649)

1    Defendant had implemented programs and policies to prevent discrimination in the workplace.

2        AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

3    alleges that it may not be liable for punitive damages because, at all relevant times, Defendant had a

4    suitable anti-discrimination policy in effect. *Kolstad v. American Dental Assn.*, 527 U.S. 526

5    (1999).

6        AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

7    Defendant alleges that Plaintiff has failed to state facts sufficient to state a claim for which

8    exemplary or punitive damages or attorneys' fees may be granted under any statutory or common

9    law provision.

10       AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

11   alleges that it may not be liable for any punitive or exemplary damages on the grounds that any

12   award of punitive or exemplary damages in general and/or as applied to the facts of this specific

13   action would violate Defendant's constitutional rights under provisions of the United States and

14   California Constitutions, including, but not limited to, the equal protection and due process clauses

15   of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and

16   cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution

17   and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

18       AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

19   alleges that, if Plaintiff has obtained monies from other sources as compensation for any injury

20   alleged in his Complaint, all such monies must be set off against any damages allegedly due Plaintiff

21   by Defendant, if any.

22       AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23   Defendant alleges that even assuming, *arguendo*, that Plaintiff suffered any damages, the alleged

24   damages were caused by and/or were contributed to by Plaintiff's own acts or failure to act.

25       AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26   Defendant alleges that even assuming, *arguendo*, that Plaintiff suffered any damages, Plaintiff failed

27   to mitigate his alleged damages and any losses allegedly incurred by Plaintiff must be reduced by

28   any and all amounts that he earned or could have earned in mitigation thereof.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES          15.          (Case No. CV 08 3649)

AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it does not presently know all of the facts concerning the allegations in the Complaint sufficiently to state all affirmative defenses at this time, and reserves the right to seek leave to amend this Answer should it later discover facts to support additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, DEFENDANT PRAYS AS FOLLOWS:

1.  That Plaintiff take nothing by way of this Complaint;

2.  That the Complaint and every cause of action therein be dismissed in its entirety;

3.  That Defendant be awarded its costs and attorneys fees; and

4.  For such other relief as the Court may deem proper and just.

Dated: August 25, 2008

PAULA CHAMPAGNE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN AIRLINES, INC.

Firmwide:86227534.1 009001.1310

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

16.

(Case No. CV 08 3649)